United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 05-51255
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL JOEL VILLALOBOS-RIOS,

Defendant-Appellant.

---

**Appeal from the United States District Court
for the Western District of Texas
(3:05-CR-739-ALL)**

---

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Manuel Joel Villalobos-Rios, having pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326, challenges his sentence on two bases.

He first challenges its reasonableness, pursuant to *United States v. Booker*, 543 U.S. 220 (2005) (requiring, *inter alia*, "reasonableness" review of post-*Booker* sentences, to be guided by the factors stated in 18 U.S.C. § 3553(a)).  After offense-level adjustments for a prior drug-trafficking conviction and acceptance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of responsibility, his offense level was 21, corresponding to an advisory Guidelines range of 41-51 months imprisonment. Villalobos requested a sentence below that range. The imposed 41-month sentence was within, and at the low end of, it.

Post-*Booker*, sentences are reviewed for reasonableness. *E.g.*, *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). Because the sentence was within the properly-calculated Guideline range (Villalobos does *not* contend otherwise), it is presumed reasonable. *E.g.*, *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Such a sentence is given "great deference", and we infer the sentencing court "has considered all the [§ 3553(a)] factors for a fair sentence". *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Further, when the court states it is imposing a sentence within the Guideline range, as was done here, "little explanation [for such sentence] is required". *Id*. Villalobos has failed to rebut his sentence's presumed reasonableness. *See Alonzo*, 435 F.3d at 554-55.

Villalobos also challenges, in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated-felony convictions as sentencing factors, rather than elements of the offense. As he concedes, this challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See*, *e.g.*, *United States v. Garza-Lopez*, 410

2

F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Nonetheless, he raises it in order to preserve its further review.

***AFFIRMED***